UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BRIDGES,

    Petitioner,

    v.

JOSIE GASTELO, Acting Warden,

    Respondent.

Case No. 16-cv-00491-DMR (PR)

**ORDER OF TRANSFER**

Petitioner, a state prisoner who is incarcerated at the California Men's Colony ("CMC"), has filed this *pro se* petition for a writ of habeas corpus challenging as a violation of his constitutional rights a 2013 denial of parole by the California Board of Parole Hearings. Dkt. 1.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id.* Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner was convicted in Los Angeles County and the challenged parole hearing took place in San Luis Obispo County, both of which are located in the Central District of California. *See* 28 U.S.C. § 84(c). CMC, the place of Petitioner's confinement, is also located in the Central District of California. *Id.* Therefore, the Western Division of the United States District Court for the Central District of California has jurisdiction over this matter.

1  Accordingly, this case is TRANSFERRED to the Western Division of the United States
2  District Court for the Central District of California.[1]  *See* 28 U.S.C. § 1404(a).  The Clerk of the
3  Court shall transfer the entire file to the Central District of California.  Any remaining pending
4  motions are terminated as no longer pending before this court.  Dkt. 2.
5  IT IS SO ORDERED.
6  Dated:   February 9, 2016

_____
DONNA M. RYU
United States Magistrate Judge

---

[1] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BRIDGES,

    Plaintiff,

  v.

CASTELO,

    Defendant.

Case No. 4:16-cv-00491-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Bridges ID: H22876
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: February 9, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

3